## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

NEAL ALEXANDER, as next friend
of HENDRICK ALEXANDER, a minor,
a citizen of the State of Illinois,

      Plaintiff,

-vs-

SL DUNES, INC., dba DUNES
WATERFRONT RESORT,
a Michigan Corporation,

      Defendant.

Case No.:
Hon.
Magistrate Judge:

---

COCHRAN, KROLL & ASSOCIATES, P.C.
BY:  TERRY L. COCHRAN (P35890)
BY:  RULA AOUN (P79119)
Attorneys for Plaintiff
32398 Five Mile Road
Livonia, MI 48154
(734) 425-2400; (734) 425-7885 – fax
raoun@cochranlaw.com

---

### COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

NOW COMES the above-named Plaintiff, NEAL ALEXANDER, as next friend of HENDRICK ALEXANDER, a minor, by and through counsel, Cochran, Kroll & Associates, P.C. and for her Complaint and Jury Demand against Defendant, SL Dunes, Inc., and states as follows:

### PARTIES

1.    Plaintiff Hendrick Alexander is a resident of the City of Naperville, County of DuPage, State of Illinois.

1

2. Defendant, SL Dunes, Inc., is a Michigan corporation organized and existing under the laws of the State of Michigan, doing business under the assumed name, Dunes Waterfront Resort, with its principal place of business in the State of Michigan, County of Oceana, with Resident Agent, Sureshbhai Patel, 576 Stonebridge Ct, Grandville, MI 49418.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because amount in controversy is in excess of Seventy Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney's fees.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as a result of diversity of citizenship between Plaintiff Hendrick Alexander, a resident of the State of Illinois, and SL Dunes Inc., a Michigan Corporation.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

6. On about August 15, 2023, minor Plaintiff Hendrick Alexander (age 15) and his family were guests at Defendant's hotel, SL Dunes Inc, doing business as Dunes Waterfront Resort, located at 1180 an/or 1200 N Shore Dr, Mears, Michigan 49436-9203.

7. Minor Plaintiff Hendrick Alexander was going for a swim in the lake, when relying on the assumption of safety of the premises, he dove off Defendant's dock into the lake.

8. Upon diving, minor Plaintiff Hendrick Alexander struck his head and sustained severe neck and facial injuries due to shallow waters.

9. Due to the lack of adequate signage or warning about the depth and shallowness of the water, minor Plaintiff Hendrick Alexander was unable to discern potential dangers.

10. In the area where the incident occurred, there were no warning signs, the hazardous area was not closed off, there were no safeguards in the area, nor was Plaintiff warned and/or informed about the existence of shallow water, and he could not see same.

11. The area where Plaintiff dove and struck his head was not marked with any warnings or other signage meant to provide notice to Plaintiff of a risk.

12. Minor Plaintiff Hendrick Alexander was rushed to the hospital by his mother.

13. Following the incident, Plaintiff's father and Next Friend Neal Alexander reported the incident to resort management.

14. Defendant's agent, employee or representative advised Next Friend Neal Alexander that the warning signs regarding diving into the lake had been worn out due to weathering and had not yet been replaced.

15. As a result of the injury, Plaintiff suffered severe, serious, and permanent personal injuries and economic damages more fully described herein.

16. As a direct and proximate result of the injuries sustained in the above stated accident, Plaintiff, sustained severe, permanent and serious personal injury including but not limited to a closed displaced fracture of his neck at C4, jaw and neck pain, lip laceration, loosened teeth and buccal vestibule trauma.

17. Plaintiff has incurred medical expenses and other expenses, by way of example and not by way of limitation, for:

    a. Reasonable and necessary medical expenses for care, recovery, or rehabilitation;
    b. Lost wages; and
    c. Pain and suffering.

18. Defendant SL Dunes Inc owed a duty to its guests, including minor Plaintiff Hendrick Alexander, to maintain the premises in a reasonably safe condition and to warn of any hazards that could cause injury.

19. On the aforementioned date, minor Plaintiff Hendrick Alexander was injured as a result of a hazard on the hotel premises, specifically Defendant's failure to warn of the dangers of diving, which Defendant knew or should have known about.

WHEREFORE, Plaintiff Neal Alexander, as Next Friend to Minor Hendrick Alexander, respectfully requests that this Court issue a judgment against Defendant, SL Dunes Inc in favor of Plaintiff, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and attorney fees.

## COUNT I
## GENERAL AND ACTIVE NEGLIGENCE OF DEFENDANT

15. Plaintiff incorporates by reference each and every preceding paragraph as though fully stated herein.

16. Defendant, SL Dunes Inc owed a duty of care to Plaintiff to ensure the hotel premises were safe and free from hazards and keep the premises in a reasonably safe condition.

17. Defendant SL Dunes Inc, owed a duty to Plaintiff, as a business invitee, to maintain the premises in a condition fit for the use intended by the business invitees as well as to comply with all applicable health and safety laws of the state and local units of government where the premises was located and breached said statutory duty by way of illustration and to limitation:

   a. Defendant failed to maintain areas where business invitees regularly swim, including the dock where Plaintiff dove, in a safe and reasonable condition, thus failing to allow Plaintiff to safely swim;
   b. Defendant failed to warn Plaintiff of the hazard of diving when they knew or should have known that it was unsafe for use;

4

    c.    Defendant failed to place and/or arrange warning signs and/or hazard notices, thus creating a hidden defect or unreasonably dangerous harmful condition to business invitees, such as Plaintiff;

    d.    Defendant failed to inspect and discover the shallow condition as described herein; and

    f.    Defendant failed to exercise due care and caution in the maintenance of the premises;

18. Defendant, SL Dunes Inc, failed to use warning signs, hazard signs, and/or other materials to ensure that business invitees such as Plaintiff, were warned and/or protected from the hidden defects and/or unreasonably dangerous conditions.

19. Defendant, SL Dunes Inc, failed to discover the dangerous condition and did not adequately inspect the dock and lake conditions to discover the unreasonable condition and/or hidden defect.

20. Defendant, SL Dunes Inc, knew or should have known that by removing and failing to replace warning signs, it would create a hidden defect and/or an unreasonably dangerous condition that would cause serious harm to business invitees like Plaintiff.

21. As a direct and proximate result of Defendant's breach of its duties, Plaintiff sustained serious and permanent personal injuries.

WHEREFORE, Plaintiff, respectfully requests that this Court issue a judgment against Defendant, in favor of Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and attorney fees.

## COUNT II
## PREMISES LIABILITY OF DEFENDANT

22. Plaintiff incorporates by reference each and every preceding paragraph as though stated herein.

23. Defendant, SL Dunes Inc, was in control/possession of the subject dock and/or swimming area on or about August 15, 2023.

24. Defendant SL Dunes Inc owed a duty to its guests to exercise reasonable care to protect them from an unreasonable risk of harm caused by a dangerous condition on the property.

25. Defendant, SL Dunes Inc, owed Plaintiff, an invitee, the duty to maintain the subject dock and/or swimming area in a condition fit for reasonable use and breached said duty by way of illustration and not limitation:

    a. Defendant failed to maintain areas where business invitees regularly swim, including the dock where Plaintiff dove, in a safe and reasonable condition, thus failing to allow Plaintiff to safely swim;
    b. Defendant failed to warn Plaintiff of the hazard of diving when they knew or should have known that it was unsafe for use;
    c. Defendant failed to place and/or arrange warning signs and/or hazard notices, thus creating a hidden defect or unreasonably dangerous harmful condition to business invitees, such as Plaintiff;
    d. Defendant failed to inspect and discover the shallow condition as described herein; and
    f. Defendant failed to exercise due care and caution in the maintenance of the premises;

26. Defendant knew or should have known the dangerous condition on its premises existed and that the failure to take appropriate measures to remedy the hazard would create a hidden defect and/or unreasonably dangerous condition; and that failing to properly maintain warning signs would create a defect and/or unreasonable condition of the floor that would cause business invitees, such as Plaintiff, serious and permanent injuries.

27. Defendant, breached all of the aforementioned duties and obligations which was the direct and proximate cause of Plaintiff injuries more specifically described herein.

WHEREFORE, Plaintiff, respectfully requests that this Court issue a judgment against Defendant in favor of Plaintiff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest, costs and attorney fees.

## COUNT III
## DAMAGES

28. Plaintiff incorporates by reference each and every allegation as though fully stated herein.

29. As a result of Defendant's negligence, Plaintiff, sustained serious and permanent bodily injuries that have required significant medical treatment and may likely require future medical treatment, by way of illustration and not limitation:

   a. closed displaced fracture of his neck at C4
   b. jaw and neck pain
   c. lip laceration
   d. loosened teeth
   e. buccal vestibule trauma
   f. Loss of wage earning capacity;
   g. Substantial Medical Bills and costs;
   h. Extreme past and future pain and suffering;
   i. Embarrassment and humiliation from injuring himself;
   j. Mental anguish and post-traumatic stress;
   k. Loss of enjoyment of social and recreational pleasures; and
   l. Any other losses, injuries or damages that are discovered in the course of litigation.

30. The above-described damages, losses and injuries are the direct and proximate result of Defendant's negligence and the breaches of the aforementioned duties.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees.

/s/Rula Aoun
COCHRAN, KROLL & ASSOCIATES, P.C.
BY: TERRY L. COCHRAN (P35890)
BY: RULA AOUN (P79119)
Attorneys for Plaintiff
32398 Five Mile Road
Livonia, MI 48154
(734) 425-2400

Dated: July 1, 2024

## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NEAL ALEXANDER, as next friend of HENDRICK ALEXANDER, a minor, a citizen of the State of Illinois,<br><br>      Plaintiff,<br><br>-vs-<br><br>SL DUNES, INC., dba DUNES WATERFRONT RESORT, a Michigan Corporation,<br><br>      Defendant. | Case No.:<br>Hon.<br>Magistrate Judge: |

_____/
| |
|---|
| COCHRAN, KROLL & ASSOCIATES, P.C.<br>BY:  TERRY L. COCHRAN (P35890)<br>BY:  RULA AOUN (P79119)<br>Attorneys for Plaintiff<br>32398 Five Mile Road<br>Livonia, MI 48154<br>(734) 425-2400; (734) 425-7885 – fax<br>raoun@cochranlaw.com |

_____/

## JURY DEMAND

NOW COMES the above-named Plaintiff, by and through counsel, Cochran, Kroll & Associates, P.C. and hereby demands trial by jury of facts and issues of the above-captioned matter.

                                    /s/RULA AOUN
                                    COCHRAN, KROLL & ASSOCIATES, P.C.
                                    BY:  RULA AOUN, P79119
                                    Attorney for Plaintiff
                                    32398 Five Mile Road
                                    Livonia, Michigan  48154
                                    (734)  425-2400

Dated: July 1, 2024